UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY HARDIN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01711 ERW |
| ) | |
| MO-KAN ST. LOUIS CONSTRUCTION ) | |
| CONTRACTORS ASSISTANCE ) | |
| CENTER, et al., ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Count I and Count II [doc. #22].

## I. BACKGROUND FACTS[1]

Plaintiff was employed by Defendant Mo-Kan St. Louis Construction Contractors Assistance Center ("Defendant Mo-Kan") from July 17, 2005 until March 10, 2006, as a Placement and Retention manager. Plaintiff alleges that during his employment he was subjected to sexual harassment and a hostile work environment at the hands of Defendants Vivian Martain and Mo-Kan. Defendants Vivian Martain and Eddie Hasan served as Plaintiff's supervisors during the relevant time period. Plaintiff made repeated complaints about the ongoing harassment to both Defendants Martain and Hassan, however, they failed to address Plaintiff's concerns.

## II. PROCEDURAL HISTORY

---

[1]This matter comes before the Court on a motion to dismiss, therefore the Court's recitation of the facts is taken from Plaintiff's Amended Complaint.

Plaintiff Jeffrey Hardin filed a *pro se* complaint against Defendants MO-KAN St. Louis Construction Contractors Assistance Center, Eddie Hasan, and Vivian Martain (collectively "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964. On November 28, 2006, Plaintiff filed a motion to appoint counsel. This Court granted Plaintiff's motion, and appointed Robert Jackstadt to represent Plaintiff on April 19, 2007. Plaintiff filed his first amended complaint on July 10, 2007, which was accepted for filing by this Court on July 12, 2007. Plaintiff's amended complaint contains three counts: Count I alleges sexual harassment; Count II alleges retaliation; and Count III alleges wrongful discharge. On December 17, 2007, Defendants' filed a motion to dismiss Counts I and II on the basis that they were untimely. The Court will now address Defendants' pending motion.

### III. LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. Mo. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## IV. DISCUSSION

Defendants raise a single argument in their motion to dismiss Counts I and II of Plaintiff's amended complaint; that Plaintiff's suit was untimely filed. Plaintiff disputes that the suit was untimely.

Title VII of the Civil Rights Act provides that if, after filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), the EEOC does not file a civil action on the complainant's behalf, then the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . .." 42 U.S.C. § 2000e-5(f)(1). "Generally, the ninety-day filing period begins to run on

the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

It is undisputed that Plaintiff filed the present case on November 28, 2006. It is also undisputed that the right-to-sue letter is dated August 3, 2006, which constitutes the date of issuance. However, Plaintiff asserts in his complaint, that the letter was not received until August 30, 2006. As this is a motion to dismiss, the Court assumes all facts asserted in Plaintiff's complaint are correct, and therefore, the Court concludes that the present action was timely filed. *See e.g. Speight v. Odom Antenna, Inc.*, 927 F.Supp. 328, 331-332 (E.D.Ark. 1996) (After receiving testimony from the parties, the court concluded that the right to sue letter was not mailed on the date that it was issued, and therefore plaintiff was not time barred under the 90 day filing period requirement.). Defendants have simply argued that because the letter was dated August 3, 2006, it must have been mailed, and therefore received, before August 28, 2006, thus making the filing of this lawsuit untimely. However, the only facts relevant, at this stage of the proceedings, are those asserted by Plaintiff in his second amended complaint. Plaintiff clearly states that he did not receive the right to sue letter until August 30, 2006.

## V. CONCLUSION

The Court concludes that Plaintiff has pled facts sufficient to support a claim under Title VII. If Plaintiff did not receive the right-to-sue letter until August 30, 2006, then his action was timely filed. This Court is obligated to take as true those facts alleged in the complaint. Having determined that the suit was timely filed, it is unnecessary to address Plaintiff's alternate argument, that this Court should toll the 90 day time period. Defendants' Motion to dismiss Counts I and II is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts I and II [doc. #22] is **DENIED**.

Dated this 29th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE