UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY HARDIN, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> MOKAN ST. LOUIS CONSTRUCTION, ) <br> CONTRACTORS ASSISTANCE ) <br> CENTER, et al., ) <br> Defendant(s). ) | Case No. 4:06CV01711 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine [doc. #47], Defendant's Motion to Continue Trial [doc. #51], Defendant's Motion in Limine [doc. #57], and Plaintiff's Motion to Voluntarily Dismiss Eddie Hasan [doc. #58].

The case before the Court is set for trial on a three week docket beginning August 18, 2008. In accordance with this Court's case management order, the Parties were to submit all pretrial compliance, including motions in limine, witness lists, exhibit lists, and deposition designations no later than July 29, 2008. Plaintiff, in accordance with the CMO, submitted his pretrial compliance on July 29, 2008, however, Defendants failed to do so. Due to Defendants' failure to submit pretrial compliance by the designated deadline, Plaintiff filed a motion in limine to prevent Defendants from presenting any witnesses or evidence at trial. The Court held a pretrial conference on August 8, 2008, at which time arguments were heard on Plaintiff's motion. Defendants subsequently submitted their pretrial compliance, as well as a motion for continuance

and a motion in limine.[1] Plaintiff also subsequently submitted a motion to voluntarily dismiss Defendant Hassan without prejudice. The Court will address all pending motions at this time.

Plaintiff seeks an order by this Court excluding all evidence and witnesses presented by Defendants, as a sanction for Defendants' failure to comply with the case management order. The Court agrees with Plaintiff that it is prejudicial to permit Defendants to present evidence and witnesses at trial without fairly advising Plaintiff of their intended witnesses and evidence. Therefore, the Court will not permit the Defendants to present any evidence or witnesses at trial, with the exception of the testimony of witnesses Eddie Hasan, Vivian Martain and Jeffrey Hardin. Defendants are also permitted to use the deposition testimony of these three witnesses. The Court again reiterates the importance of respecting the Court's deadlines, and that the Defendants' tardiness in submitting these documents limits the time that Plaintiff has to prepare for trial.[2]

The Court next addresses Defendants' Motion to continue the trial. Defendants seek a continuance of the trial in this matter due to Defendant Hassan pleading guilty to filing a false tax return. Defendant cites a conflict of interest in representing both Defendants, Defendant MoKan Construction Contractors Assistance Center ("Defendant MoKan") and the individual Defendant, Defendant Hasan. As an initial mater the Court notes that Defendants have failed to identify how a conflict of interest is created in this case as Defendant Hasan's guilty plea on charges of filing a

---

[1] The Court notes that Defendant was instructed to submit these documents to the Court no later than five o'clock on August 8, 2008, however, Defendants did not submit the required documents until after five o'clock on August 8, 2008. The deadlines set forth by this Court are to be followed by all Parties, and Defendants' repeated failure to comply with these deadlines does not go unnoticed by the Court.

[2] Having reviewed Defendants' exhibit and witness lists, the only documents excluded by this Court's ruling are exhibits Hasan D-4 through D-6. All other witnesses and exhibits listed by Defendants were duplicative of exhibits and witnesses identified by the Plaintiff.

false tax return appears to be unrelated to the pending Title VII action. However, it is unnecessary to determine whether a conflict of interest exists as Plaintiff has filed a motion to voluntarily dismiss Defendant Hasan. For this reason the Court will deny Defendants' motion for a continuance and grant Plaintiff's motion for voluntary dismissal.

The Court next addresses Defendants' motion in limine. Defendants seek to exclude Plaintiff's supplemental exhibits and supplemental proposed jury instructions, on the basis that they are prejudicial to the Defendant. This Court granted Plaintiff's motion to supplement at the August 8, 2008 pretrial conference. Plaintiff's supplemental exhibit list identifies two additional exhibits, a certified copy of the Information and a certified copy of the Stipulation and Plea Agreement filed in the criminal case of *United States of America v. Eddie Hasan*, Case No. 4:08CR00469-ERW. Plaintiff also proposes an additional jury instruction, which would limit the use of the additional exhibits as evidence related to Defendant Hasan's credibility. Under the federal rules of evidence, evidence of a crime that requires making a false statement may be admitted to impeach a witness, regardless of the punishment for such a crime. Fed. R. Evid. 609(a)(2). Defendant Hasan plead guilty to filing a false tax return, which is admissible under rule 609(a)(2). Therefore, the Court denies Defendants' motion in limine.

As stated above, Plaintiff seeks to voluntarily dismiss Defendant Eddie Hasan, pursuant to Rule 41(a)(2). Rule 41 of the federal rules provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In accordance with Plaintiff's request, all claims against Defendant Eddie Hasan will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [doc. #47] is **GRANTED in part** and **DENIED in part**. Defendants shall be permitted to present testimony from Eddie Hassan, Vivian Martain and Jeffrey Hardin. Defendants shall also be permitted to use the deposition testimony of these three witnesses. Defendants shall not be permitted to present any other evidence or witnesses in support of their defense of this action.

**IT IS FURTHER ORDERED** that Defendants' Motion to Continue Trial [doc. #51] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine [doc. #57] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Eddie Hasan [doc. #58] is **GRANTED**.

Dated this 11th Day of August, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE